**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Betty Davis, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:14-CV-293 |
| | ) |
| vs. | ) |
| | ) |
| Carolyn W. Colvin, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of July 28, 2015 (Doc. No. 13) and Plaintiff Betty Davis's objections to the Report and Recommendation (Doc. No. 14). In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence. Judge Bowman, therefore, recommended that the ALJ's decision be affirmed. Plaintiff objects to the Report and Recommendation. For the reasons that follow, Plaintiff's objections to Judge Bowman's Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**. The Court does not adopt the Report and Recommendation to the extent that Judge Bowman concluded that the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence. The Court adopts the remainder of the Report and Recommendation. Nevertheless, the decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is

**REVERSED**.  This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

### I. Background

Plaintiff Betty Davis filed a claim for disability insurance benefits and supplemental security income based on impairments of, inter alia, fibromyalgia, degenerative joint disease of the left knee, depression, migraine headaches, low back pain, and anxiety. Plaintiff's claim was denied initially and upon reconsideration.  She requested and received an evidentiary hearing before an ALJ, which took place on November 6, 2012.

Proceeding through the five-step disability evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 9, 2008, which is the alleged onset date of disability.  The ALJ next found that Plaintiff has "severe" impairments of fibromyalgia, degenerative joint disease of the left knee, and depression.  The ALJ concluded, however, that Plaintiff's migraine headaches, low back pain, and anxiety are "non-severe" impairments.  The ALJ next determined that none of Plaintiff's impairments or combination of impairments meets or equals a listed impairment.  The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work.  The ALJ limited the range of light work to jobs that require only occasional climbing, kneeling, crouching, and crawling and only require the performance of simple, routine tasks.  The ALJ found that this RFC would not permit Plaintiff to perform her past relevant work as a stocker, waitress, restaurant cook, prep cook, nursing home cook, customer service representative, or machine operator/packager.  However, based on the testimony of the vocational expert, the ALJ concluded that this RFC permits Plaintiff to perform a number of light and sedentary jobs, including small parts assembler, small products

2

assembler, checker, document preparer, callout operator, and hand mounter. Because those jobs exist in significant numbers in the national economy, the ALJ concluded that Plaintiff is not disabled according to the Social Security regulations.

In developing Plaintiff's physical RFC, the ALJ gave "little weight" to the opinion of one of Plaintiff's treating physicians, Dr. Armentrout. Dr. Armentrout provide two RFC opinions, both of which indicated that Plaintiff has significant restrictions in her ability to sit and stand due to fibromyalgia. The ALJ concluded, however, that Dr. Armentrout failed to support his opinions with any relevant evidence and that they in fact contradicted each other. The ALJ also found that Dr. Armentrout's opinions were not supported by his treatment notes. The ALJ noted also that Dr. Kejriwal provided an opinion after a recent examination indicating that Plaintiff has no restrictions at all in standing, sitting, lifting or carrying due to fibromyalgia. Instead, the ALJ gave "great weight" to the opinions of state agency medical consultants who reported that Plaintiff has the physical RFC to perform a limited range of light work.

In developing Plaintiff's mental RFC, the ALJ gave "little weight" to the opinion of Plaintiff's treating psychologist, Dr. Ramirez. Dr. Ramirez provided an opinion indicating that Plaintiff has marked limitations in activities of daily living, maintaining social functioning, and concentration, persistence, and pace, and ability to complete a normal workday. The ALJ determined that Dr. Ramirez's opinion was not supported by his treatment notes or other medical evidence. Instead, the ALJ gave "great weight" to the opinion of Dr. Johnson, a state agency examining psychologist. Dr. Johnson performed a psychological examination of Plaintiff and provided a report stating that Plaintiff has only moderate mental limitations affecting her ability to work.

3

Finally, the ALJ significantly discounted Plaintiff's subjective complaints about the limitations imposed by her impairments.  During the evidentiary hearing, Plaintiff indicated that the pain caused by her impairments renders her incapable of most activities, and that she spends most of the day alternating between sitting and lying down.  The ALJ, however, gave several grounds for finding that Plaintiff was not credible about the functional limitations imposed by the pain from her impairments.  First, the ALJ cited two emergency room visits in which Plaintiff reported engaging in activities inconsistent with her claimed inability to engage in almost all activities.  Second, the ALJ cited Plaintiff's failure to follow an exercise program as recommended by her physicians to alleviate her fibromyalgia symptoms.  The ALJ stated that Plaintiff's failure to exercise as recommended showed an unwillingness to do what is necessary to improve her condition as well as indicating that her symptoms are not as severe as claimed.  Third, the ALJ cited the fact that the Plaintiff only infrequently and/or inconsistently sought treatment for her pain was inconsistent with her claim of disabling pain.  Fourth, the ALJ took issue with the fact that Plaintiff's treating physicians continued to prescribe narcotic pain relievers, such as Vicodin and Percocet, to treat her symptoms because that these medications did not "appear to be consistent for treatment of fibromyalgia[.]"  Tr. 24.  The ALJ also noted that Plaintiff had not returned to a rheumatologist for treatment and that an emergency room note stated that Plaintiff was taking Vicodin too often to control her pain and that she should discontinue it.  The ALJ also stated that Plaintiff's claim that medication does not control her pain was inconsistent with her reported activities.  Finally, the ALJ noted that her treatment providers more often focused on ailments other than her knee or fibromyalgia pain.

4

As stated, the ALJ ultimately concluded that Plaintiff is not disabled under the Social Security regulations.  After the evidentiary hearing concluded, Plaintiff submitted new evidence to the Appeals Council indicating that she has occipital neuralgia and white matter disease and an opinion from a new treating physician stating that the white matter disease could be causing her migraine headaches.   Nevertheless, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner of Social Security.

Plaintiff then filed a timely complaint for judicial review of the ALJ's decision.  She raised three specific assignments of error.  First, Plaintiff alleged that the ALJ erred by not finding that her migraine headaches, low back pain, and anxiety constitute "severe" impairments.  Second, Plaintiff alleged that the ALJ erred by not assigning controlling weight to the opinions of her treating physicians, in particular the opinions of Dr. Armentrout and Dr. Ramirez.  Third, Plaintiff alleged that the ALJ erred in assessing her  credibility.

Magistrate Judge Bowman's Report and Recommendation concluded that the ALJ's decision denying Plaintiff's claim for Social Security disability benefits was supported by substantial evidence and should be affirmed by the Court.  As to Plaintiff's first assignment of error, Judge Bowman determined that the ALJ's decision finding that her migraine headaches, low back pain, and anxiety are not severe impairments was supported by substantial evidence because the record does not show that these impairments impose any functional work limitations.  In any event, Judge Bowman concluded, the ALJ's alleged error was harmless because the ALJ went on to consider the combined effect of all her impairments in developing her RFC.

5

As to Plaintiff's second assignment of error, Judge Bowman concluded that the ALJ's evaluation of Dr. Armentrout's and Dr. Ramirez's opinions was supported by substantial evidence.  Judge Bowman agreed with the ALJ that neither doctor's opinion was supported by his office treatment notes.  Judge Bowman noted also that Dr. Ramirez's opinion as to Plaintiff's mental RFC was contradicted by other record evidence, including the opinion of Dr. Johnson, the state agency examining psychologist.

Finally, as to Plaintiff's third assignment of error, Judge Bowman found that the ALJ's adverse credibility determination was supported by substantial evidence.  Judge Bowman rejected Plaintiff's contention that the ALJ "cherry-picked" the record for evidence to discount her credibility and concluded that the factors cited by the ALJ were sufficient to sustain her credibility determination.

Plaintiff filed timely objections to Judge Bowman's Report and Recommendation. The Commissioner did not file a memorandum in response to Plaintiff's objections. Consequently, Plaintiff's objections to the Report and Recommendation are ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion."  LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted).  The evidence must do more than create a suspicion of the existence of the fact

6

to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

III. Analysis

A. Plaintiff's Impairments

Plaintiff first contends that the ALJ should have determined that her migraine headaches, low back pain, and anxiety are non-severe impairments. Judge Bowman thought that this decision was supported by substantial evidence but in any event was a harmless error because the ALJ considered both severe and non-severe impairments in determining whether Plaintiff is disabled. Plaintiff concedes that the ALJ's failure to find an impairment to be severe can be a harmless error, but she contends that the ALJ only paid "lip service" to the requirement to consider all of her impairments in her disability analysis. The Court concludes, however, that the ALJ's alleged error was harmless.

Judge Bowman was correct that an ALJ's failure to find that an impairment is severe can be a harmless error. That is because once the ALJ determines that the claimant has one severe impairment, the Social Security regulations require the ALJ consider the combined effect of both severe and non-severe impairments in determining whether the claimant is disabled. Maziarz v. Secretary of Health & Human Serv., 837 F.2d 240, 244

7

(6th Cir. 1987). The ALJ, however, does not have a heightened burden of articulation in explaining how and why each impairment affects the disability determination. Bledsoe v. Barnhart, 165 Fed. Appx. 408, 411 (6th Cir. 2006). Moreover, in this case, the ALJ's decision used language consistent with a finding that she did consider the combined effects of Plaintiff's severe and non-severe impairments in her disability analysis. For instance, the ALJ stated that she "considered the entire record," referred to Plaintiff's "impairments" multiple times, and specifically stated that she took into consideration "all of the claimant's medically determinable impairments." The Sixth Circuit has held that language such as this is sufficient to demonstrate that the ALJ considered the claimant's severe and non-severe impairments in determining whether the claimant is disabled. See Gooch v. Secretary of Health & Human Serv., 833 F.2d 589, 591-92 (6th Cir. 1987).

Accordingly, Plaintiff's first objection to the Report and Recommendation is not well-taken and is **OVERRULED.**

### B. Treating Physicians' Opinions

Plaintiff next contends that the ALJ erred by not giving significant if not controlling weight to the opinions of Dr. Armentrout and Dr. Ramirez. As indicated above, Dr. Armentrout indicated that Plaintiff has significant limitations in sitting and standing and Dr. Ramirez reported that Plaintiff has marked mental limitations. The vocational expert agreed that, if accepted, these opinions would rule out any competitive employment for Plaintiff. The ALJ, however, gave little weight to these opinions on the grounds that they were not supported by the doctors' office treatment notes.

Under the "treating physician rule," the opinion of a claimant's treating physician is accorded controlling weight if it is "well-supported by medically acceptable clinical and

8

laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[.]" Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007).  If the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors.  Id.  There is a rebuttable presumption that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding.  Id. (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4) ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.").   Additionally, the ALJ must provide "good reasons" for discounting a treating physician's opinion, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.  Id.  The ALJ may, however, reject a treating physician's opinion if it is inconsistent with his earlier opinions and treatment notes and there is no explanation or findings indicating a change in the claimant's condition between the dates of the reports.  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988); Payne v. Commissioner of Social Sec., 402 Fed. Appx. 109, 112-13 (6th Cir. 2010). In this case, the Court agrees with Judge Bowman that the weight the ALJ gave to the opinions of Plaintiff's treating physicians was supported by substantial evidence.

As stated above, Dr. Armentrout issued two RFC opinions, both of which indicate that Plaintiff is significantly limited in her ability to sit and stand due to fibromyalgia.  As a basis for these opinions, Dr. Armentrout wrote, "Based on physical exam, observation and

various evaluations to exclude other diagnosis." Tr. 498. The Court recognizes of course that fibromyalgia is a disease that defies conventional diagnostic and treatment techniques. Swain v. Commissioner of Social Sec., 297 F. Supp.2d 986, 991 (N.D. Ohio 2003). The ALJ, however, is not required to accept the conclusory opinion of a treating physician, nor is the ALJ required to accept an opinion that does not find support in the doctor's treatment notes. Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001).

In this case, while Dr. Armentrout indicated that his opinion was based on physical examination and observation of Plaintiff, his treatment notes do not document contemporaneous findings or observations consistent with the extreme functional restrictions he proffered. For instance, although the treatment notes consistently indicate a diagnosis of fibromyalgia, and Dr. Armentrout continually prescribed Vicodin for treatment of Plaintiff's fibromyalgia, he never documented any complaints from her about difficulties in sitting, standing, or walking. Moreover, although the standard office note form includes a "pain score" section, neither Dr. Armentrout nor any of his staff ever recorded a pain score for Plaintiff. See Tr. 489-497, 504-528, 722-731. Therefore, the ALJ's determination that Dr. Armentrout's opinions were not supported by his office treatment notes is based on substantial evidence in the record.

Similarly, Dr. Ramirez's restrictive mental RFC is not supported by his office treatment notes. Instead, Dr. Ramirez's office notes actually reflect that Plaintiff's mental status improved over the course of his treatment relationship with her. For instance, whereas in November and December 2011 Dr. Ramirez recorded that Plaintiff was feeling depressed and anxious, Tr. 868, 870, by August 2012 he wrote that she "reports doing well on current medications. Mood stable. Anxiety well-controlled. No medication side effects.

10

Sleep and appetite good.  Coping adequately with life stressors.  Denies SI [suicidal ideation].  No change in functioning." Tr. 883.  Consequently, the ALJ reasonably concluded that Dr. Ramirez's opinion that Plaintiff has extreme limitations in most areas of mental functioning was not supported by his treatment notes.  Therefore, the weight that the ALJ gave to Dr. Ramirez's opinion was supported by substantial evidence.

In summary, the Court finds that the weight the ALJ gave to the opinions of Dr. Armentrout and Dr. Ramirez was supported by substantial evidence.  Plaintiff's second objection to the Report and Recommendation is not well-taken and is **OVERRULED**.

### C. Plaintiff's Credibility

Plaintiff's third objection contests the ALJ's credibility determination.  An ALJ's credibility determinations are entitled to considerable deference.  Howard v. Commissioner of Social Sec., 276 F.3d 235, 242 (6th Cir. 2002).  In this case, however, the Court agrees with Plaintiff that the ALJ's adverse credibility determination was not supported by substantial evidence.  More specifically, the Court concludes that the ALJ's analysis of Plaintiff's credibility did not comport with Social Security regulations and controlling Sixth Circuit case law on weighing the credibility of fibromyalgia claimants.

As stated above, Plaintiff testified that pain restricts to her to very little activity during the day, and that she spends most of the day alternating between sitting and lying down. The ALJ, however, found that Plaintiff's credibility was suspect for several reasons which the Court finds do not constitute substantial evidence.

First, the ALJ cited two emergency room visits in which Plaintiff reported swimming and doing yard work.  The ALJ thought that these two incidents provide a "glimpse" into her daily activities and indicate that her impairments are not as severe as claimed.  Tr. 22. As

11

Plaintiff suggests in her objections, however, it was unreasonable for the ALJ to rely on this microcosm - two days out of over 700 pages of medical records - to conclude that Plaintiff exaggerated the limitations imposed by her impairments.  In other words, the fact that Plaintiff was able to do yard work on one day and swim on another is not necessarily indicative of her ability to carry out work activities on a sustained basis.  Kalmbach v. Commissioner of Social Sec., 409 Fed. Appx. 852, 864 (6th Cir. 2011).  Moreover, swimming and even doing yard work is actually consistent with her doctors' recommendations to exercise to alleviate her fibromyalgia symptoms.  In was unfair for the ALJ on one hand to fault Plaintiff for not carrying through with her doctors' recommendations to exercise and then on the other hand cite the fact that she engaged in exercise as evidence that she is not credible about the limitations imposed by pain.  See, e.g., Rogers v. Commission of Social Sec., 486 F.3d 234, 248-49 (6th Cir. 2007) (holding that ALJ improperly discredited claimant's subjective complaints of pain based on her doctors' recommendation to exercise regularly as treatment for fibromyalgia).

Second, the ALJ faulted Plaintiff for not following through with recommendations to exercise to treat her fibromyalgia.  The ALJ also cited the fact that Plaintiff was inconsistent about seeking out treatment for her symptoms of fibromyalgia or that she sought treatment for other ailments but not specifically for fibromyalgia.  Tr. 22-24.  Social Security Ruling 96-7p certainly permits the ALJ to consider these facts in assessing the claimant's credibility, but it also states that the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical

12

visits or failure to seek medical treatment." In this case, the ALJ did not give Plaintiff an opportunity to explain why she did not follow through with exercise programs or why there are gaps in her treatment records concerning her fibromyalgia. Consequently, the ALJ violated SSR 96-7p. Additionally, because the ALJ did not give Plaintiff an opportunity to explain these lapses, it was unreasonable and unfair for the ALJ to conclude that her noncompliance with treatment recommendations indicate an "unwillingness to do what is necessary to improve her condition." Tr. 23.

Third, and finally, the ALJ appeared to discount Plaintiff's credibility on the grounds that her doctors elected to treat her fibromyalgia symptoms with narcotic pain medications, which the ALJ concluded were inappropriate for treatment for fibromyalgia. Tr. 23-24. In this regard, the ALJ improperly substituted her own medical judgment for that of Plaintiff's doctors. Simpson v. Commissioner of Social Sec., 344 Fed. Appx. 181, 194 (6th Cir. 2009).

These errors are sufficient for the Court to conclude that the ALJ's adverse credibility determination was not supported by substantial evidence. Accordingly, Plaintiff's third objection to the Report and Recommendation is well-taken and is **SUSTAINED.** Since it is the ALJ's duty, and not the Court's, to judge the claimant's credibility, the appropriate remedy is to remand the case so that the ALJ can reassess Plaintiff's credibility according to the established standards. Rogers, 486 F.3d at 249-50.

Conclusion

For the reasons stated above, Plaintiff's objections to Judge Bowman's Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**. The Court does not adopt the Report and Recommendation to the extent that Judge Bowman

concluded the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence.  The Court adopts the remainder of the Report and Recommendation. Nevertheless, the decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **REVERSED**.  This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

**IT IS SO ORDERED**

Date September 2, 2015                          s/Sandra S. Beckwith
                                                            Sandra S. Beckwith
                                                  Senior United States District Judge

14