# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BETTY DAVIS                                   Case No. 1:14-cv-293

       Plaintiff,                            Barrett, J.
                                                  Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## REPORT AND RECOMMENDATION

This is a Social Security disability benefits appeal for which the Court, acting pursuant to sentence four of 42 U.S.C. § 405(g), reversed the non-disability finding of the Administrative Law Judge ("ALJ"), and ordered a remand to the ALJ for further proceedings. (Docs.15, 16). Now before the Court is a motion by Plaintiff's counsel for a contingency fee award in the amount of $9,064.75 pursuant to 42 U.S.C. §406(b)(1)(A).[1] See *Horenstein v. Sec'y of Health & Human Servs.,* 35 F.3d 261, 262 (6th Cir.1994) (en banc). The Commissioner does not oppose Plaintiff's fee request. (*See* Doc. 20). Plaintiff's counsel's motion has been referred to the undersigned for

---

[1] Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

initial review and a Report and Recommendation. Upon careful review the undersigned finds that the motion is well-taken and should be granted as outlined below.

Plaintiff entered into a fee agreement with his counsel authorizing a 25% contingency fee of past due benefits payable to Plaintiff. (Doc. 17, Ex. C). Following remand from this Court, an Administrative Law Judge ("ALJ") issued a favorable decision, finding the Plaintiff disabled as of January 2013, and awarding him retroactive SSI benefits in the amount of $36,259.00 for the time period from February 2013 through March 2017. (Doc. 17, Ex. B). Twenty-five percent of that sum has been withheld for the payment of attorney's fees. (*See* Doc. 17, Ex. B at 3). [2]

Here, Counsel's instant motion seeks $9,064.75 for the 38.70.hours of time spent litigating Plaintiff's judicial appeal. As noted above, Title 42 U.S.C. §406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. §406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989). A deduction of a contingency fee award

---

[2] Notably, the Notice of award indicates that the agency withheld $7,973.00 from Plaintiff's past due benefits for attorney fees. However, counsel is seeking $9,064.78 which represents 25% of the total retroactive SSI award.

may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would ... enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.,* 900 F.2d 981, 982 (6th Cir.1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

In the present case, the undersigned finds that Plaintiff's requested fee of $9,064.75 is reasonable. This calculates to be an hourly rate of $234.23 which the Court finds does not amount to a windfall to Plaintiff's counsel. There have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. Quite to the contrary, Plaintiff was well represented by counsel in this case. Therefore, counsel's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Doc. 17) should be granted.

It is therefore **RECOMMENDED** that the Plaintiff's counsel's motion for §406(b)(1)(A) fees (Doc. 24) be **GRANTED,** and that Plaintiff's counsel be **AWARDED** the requested **$9,064.75** in fees.

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BETTY DAVIS             Case No. 1:14-cv-293

    Plaintiff,        Barrett, J.
                        Bowman, M.J.
  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).